# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY PHILLIP EVANS,** | : | CIVIL ACTION NO. 1:09-CV-1013 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **YORK COUNTY ADULT PROBATION & PAROLE DEPARTMENT,** *et al.*, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 9th day of July, 2009, upon consideration of plaintiff's motion (Doc. 2) for preliminary injunction, which seeks to enjoin defendants from enforcing various conditions of plaintiff's parole, and wherein plaintiff asserts that his term of parole was suspended pending appeal of a criminal conviction,[1] that defendants nonetheless ordered him to continue adhering to the conditions of his parole,[2] and that he fears re-arrest should he deviate from those conditions, and it appearing that defendants aver that plaintiff is no longer under their supervision, (see Doc. 8

---

[1] According to the memorandum in support (Doc. 3) of the motion for preliminary injunction, plaintiff was convicted in Pennsylvania state court of indecent assault, corruption of minors, and unlawful contact with minors on February 28, 2007. (See id. at 3.) Plaintiff was then paroled on December 13, 2007, after which he was placed under the supervision of—and subject to conditions imposed by—defendants. (See id. at 4.) On March 9, 2009, plaintiff's right to appeal his earlier conviction was reinstated *nunc pro tunc*. (Id. at 3.) He was thereafter released on bail pending appeal. (Id.)

[2] Plaintiff's parole conditions, *inter alia*, required him to attend regular parole meetings, restricted his geographical range of movement, and regulated the extent of his contact with minors, including his own children. (See Doc. 3 at 4-6.)

at 2-3; see also id., Ex. 8), that their attempts to supervise plaintiff ceased when defendants received notice of plaintiff's pending appeal, (see id. at 3), and that "the Motion for Preliminary Injunction [therefore] seek[s] to enjoin alleged behaviors and actions that the Defendants have not engaged in since April of 2009," (id.), and it further appearing that the extent to which plaintiff remains under defendants' supervision and possesses a legitimate fear of re-arrest is a matter in factual dispute, and that plaintiff has neglected to submit affidavits, verified pleadings, or other written evidence upon which the court could resolve this dispute,[3] see, e.g., Elliott v. Kiesewetter, 98 F.3d 47, 53-54 (3d Cir. 1996) (stating that entry of a preliminary injunction "'may be based on affidavits and other documentary evidence if the facts are undisputed and the *relevant* factual issues are resolved'" (emphasis in original) (quoting Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1175-76 (3d Cir. 1990))); Williams v. Curtiss-Wright Corp., 681 F.2d 161, 163 (3d Cir. 1982) (same); see also FED. R. CIV. P. 52(a)(2) (requiring court to make findings of fact "[i]n granting or refusing an interlocutory injunction"); 11A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2949, at 222 (2d ed. 1995) ("Accordingly, a motion for a preliminary injunction supported only by written

---

[3] Additionally, plaintiff does not request an evidentiary hearing to resolve this dispute.

evidence usually will be denied when the facts are in dispute."), it is hereby ORDERED that plaintiff's motion (Doc. 2) for preliminary injunction is DENIED without prejudice.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge