# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY PHILLIP EVANS,** | : | NO.: 1:09-CV-1013 |
| Plaintiff | : | |
| | : | JUDGE CONNER |
| v. | : | |
| | : | |
| **YORK COUNTY ADULT PROBATION** | : | CIVIL ACTION - LAW AND |
| **AND PAROLE DEPARTMENT,** | : | EQUITY |
| **DONALD R. LAUER, JR., individually,** | : | |
| Defendants | : | JURY TRIAL DEMANDED |
| | : | (Electronically Filed) |

## BRIEF IN SUPPORT OF OBJECTIONS TO
## MAGISTRATE'S REPORT AND RECOMMENDATION

**BOYLE, NEBLETT & WENGER**

**Dennis E. Boyle, Esquire**
Supreme Court I.D. No. 49618
**Randall L. Wenger, Esquire**
Supreme Court I.D. No. 86537
**Joshua M. Autry, Esquire**
Supreme Court I.D. No. 208459
4660 Trindle Road, Suite 200
Camp Hill, PA  17011
Phone:  (717) 737-2430
Facsimile:  (717) 737-2452
deboyle@dennisboylelaw.com
rlwenger@dennisboylelaw.com
jmautry@dennisboylelaw.com
Counsel For:   Plaintiff

Dated:  October 15, 2010

## I. STATEMENT OF THE CASE:

### A. Procedural History:

The Plaintiff, Gary P. Evans, filed the instant civil rights action on May 28, 2009. On January 29, 2010, the Defendants, Donald Lauer and the York County Adult Probation and Parole Department ("Parole Department"), filed a Motion for Summary Judgment, which Mr. Evans opposed on February 16, 2010. On February 15, 2010, Mr. Evans filed a Motion for Partial Summary Judgment, which Defendants opposed on February 26, 2010. By order dated June 21, 2010, the Honorable District Judge Christopher C. Connor referred the motions to the Honorable Magistrate Judge Malachy E. Mannion for report and recommendation. On September 28, 2010, the Magistrate Judge filed a Report and Recommendation, recommending that this Court grant Defendants' Motion for Summary Judgment and deny Mr. Evans' Motion for Partial Summary Judgment.

### B. Statement of the Facts:

Gary Evans fully incorporates herein his Response to Defendants' Statement of Material Facts and his Statement of Material Facts filed in support of his Motion for Partial Summary Judgment.

## II. ARGUMENT:

The Magistrate Judge erroneously determined that Donald Lauer was entitled to qualified immunity as a matter of law without any analysis of whether Donald Lauer's actions violated Gary Evans' constitutional rights or whether a reasonable parole officer would have believed that Lauer's actions were constitutional. The Magistrate Judge simply declares Lauer's actions as reasonable because he followed a Parole Department policy. In doing so, the Magistrate Judge improperly applied the summary judgment by viewing the facts in the light most favorable to Defendant Lauer regarding Lauer's Motion for Summary Judgment and failed to properly apply the Supreme Court's doctrine of qualified immunity. As was extensively explained in Plaintiff's Brief in Support of his Motion for Partial Summary Judgment, Lauer's restrictions on Plaintiff's church attendance, travel, residency and speech violated Plaintiff's First Amendment Freedom from Compelled Speech, Freedom of Speech, Freedom of Religion, and Freedom of Assembly; Fifth Amendment Freedom from Self-Incrimination; Sixth Amendment Right to Counsel; Fourteenth Amendment

Rights to Familial Integrity and to Intrastate Travel; and his right to be free from unconstitutional retaliation under the First, Fifth, Sixth and Fourteenth Amendments.[1]

### A. **Plaintiff is entitled to partial summary judgment.**

Defendant Lauer does not dispute that from March 13, 2009 through April 7, 2009, he restricted Gary Evans while he was on bail. However, Defendant Lauer–a parole officer–had no legal authority to restrict Plaintiff who was not on parole, probation or intermediate punishment. By Defendants' own account, Lauer extended Plaintiff's sentence for almost a month, a month for which he will never receive credit under Pennsylvania law. His sentence was stayed, and any reasonable parole officer would have known that bail pending appeal operates to temporarily suspend a defendant's sentence.

Specifically, Defendants admit that "on March 13, 2009, Judge Blackwell released Gary Evans on bail pending his appeal." Defs. Answer to Pl. Statement of Material Facts ¶ 14. Defendants further admit that, despite his release on bail, Donald

---

[1] Given that the Magistrate Judge *completely overlooked and ignored* all of the legal analysis provided by Plaintiff in this case, Plaintiff will refer the Court to his Brief in Support of his Motion for Partial Summary Judgment instead of cutting and pasting the entire brief herein.

Lauer restrained Plaintiff under the Sex Offender Conditions of parole as if he were reparoled and continued to restrain him until at least April 7, 2009. Defs. Answer to Pl. Statement of Material Facts ¶¶ 15, 31; Verified Answer ¶¶ 8, 13, 15-16, 30, 90 (admitting that Defendants supervised Plaintiff from his release on bail on March 13, 2009 "until they received notification of the filing of the appeal", that Lauer required Plaintiff to comply with most parole conditions for sex offenders while on bail, and that Lauer threatened to arrest him and revoke "his probation" if he violated any parole conditions).

In addition, Defendants create no factual dispute that would bar summary judgment as to any specific restriction challenged by Plaintiff. Plaintiff challenges the following restrictions: (1) that Donald Lauer required him to confess to the underlying crime, (2) that Lauer would only allow him to attend one church service per week, (3) that Lauer severely restricted his travel outside of York County, and (4) that Lauer would not let him reunify with his wife and three children.[2] Initially, it is significant that Defendants admit that Lauer "generally" threatened to arrest Plaintiff and reincarcerate him for violation of any restriction. Defs. Answer to Pl. Statement of

---

[2] There is considerable overlap between these rights as Defendants restricted his rights to attend religious services, live with his family and travel *because* of his decision to exercise his right to maintain his innocence.

Material Facts ¶¶ 27, 37, 41; Verified Answer ¶ 52 (admitting that after Evans' release on bail "Lauer issued customary warnings to Evans of the consequences of violating the conditions of parole/probation").

As was extensively explained in Plaintiff's Brief in Support of his Motion for Partial Summary Judgment, these restrictions violated Plaintiff's First Amendment Freedom from Compelled Speech, Freedom of Speech, Freedom of Religion, and Freedom of Assembly; Fifth Amendment Freedom from Self-Incrimination; Sixth Amendment Right to Counsel; Fourteenth Amendment Rights to Familial Integrity and to Intrastate Travel; and his right to be free from unconstitutional retaliation under the First, Fifth, Sixth and Fourteenth Amendments.[3] Even if these constitutional violations could be justified in narrow circumstances (which they cannot), Defendants lacked authority (much less a compelling interest) to enforce <u>any</u> restrictions on Plaintiff, who was on bail. Also as extensively explained in Plaintiff's briefs in support of his motion and opposition to Defendants' motion, Lauer had no authority statutory or otherwise over Evans, who was not on parole, probation or intermediate

---

[3] Given that the Magistrate Judge ***completely overlooked and ignored*** all of the legal analysis provided by Plaintiff in this case, Plaintiff will refer the Court to his Brief in Support of his Motion for Partial Summary Judgment instead of cutting and pasting the entire brief herein.

punishment. *See* 42 Pa.C.S.A. § 9913[4]; 42 Pa.C.S.A. § 9776(a), (d), (e)[5]; *Commonwealth v. Scott*, 916 A.2d 695, 697-98 (Pa.Super. 2007); *Commonwealth v. Hernandez*, 886 A.2d 231, 235 (Pa.Super. 2005); *Commonwealth v. McMaster*, 730 A.2d 524, 528 (Pa.Super. 1999); Pa.R.Crim.P. 103. Moreover, Lauers' requirement that Plaintiff confess is specifically prohibited by the Pa.R.Crim.P. 523. Defendants Lauer cannot assert any interest in an action that exceeds their statutory authority.

Turning to the individual restrictions, first, Defendant Lauer cannot deny Plaintiff's claim that–while he was on bail–Lauer threatened to send him back to jail if he continued to deny committing the underlying offenses. Verified Compl. ¶¶ 16, 30. Defendants claim that Donald Lauer "could not recall" if he required Plaintiff to confess while on bail. Defs. Answer to Pl. Statement of Material Facts ¶ 19. However, this does not create an issue of material fact; rather, Defendant Lauer must bring forth some evidence to refute Plaintiff's testimony. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Not only has Lauer failed to refute Plaintiff's account, he has corroborated it. Indeed, Lauer admitted to ordering Plaintiff to confess and telling him on numerous occasions to "be more accountable."

---

[4] 42 Pa.C.S.A. § 9913 was previously located at 61 Pa.C.S.A. § 309.1.

[5] 42 Pa.C.S.A. § 9776 was previously located at 61 Pa.C.S.A. § 314.

Lauer Dep. at 22 (Ex. "C").[6] His poor recollection of the exact time frame does not bar summary judgment to Plaintiff.[7] Accordingly, there is no factual dispute as to Plaintiff's testimony that Lauer demanded a confession from him while he was on bail.[8]

Second, Defendants admit that–while Plaintiff was on bail–Lauer restricted his church attendance to one service per week in accordance with the Parole Department's policy. Defs. Answer to Pl. Statement of Material Facts ¶ 35. Although Defendants refuse to "admit" that Plaintiff desires to attend church, Sunday School, and Bible study based on his sincerely held belief in Jesus Christ as his Lord and Savior, they offer no evidence to the contrary that would create an issue of material fact for a jury.

---

[6] Unless otherwise noted, all citations to evidence herein are to the exhibits filed by Plaintiff in support of his Motion for Partial Summary Judgment.

[7] Indeed, Lauer's claim of poor memory is suspect given the fact that the Complaint was filed May 28, 2009, less than two months from Lauer's last meeting with Plaintiff on April 7, 2009.

[8] Defendants attempt to dispute that Plaintiff believes in his innocence, claiming that he "has been inconsistent in his denials of guilt." Defs. Answer to Pl. Statement of Material Facts ¶ 3. Even taking the facts in the light most favorable to Defendant Lauer, any confession would have been coerced and unreliable in any event under the threat of arrest. Finally, consistency is irrelevant to any relevant constitutional standard under the First, Fifth and Sixth Amendments.

*See* Defs. Answer to Pl. Statement of Material Facts ¶ 32. Accordingly, this fact is not in dispute.

Third, Defendant Lauer admits to restricting Plaintiff's travel outside of York County. As explained above, he admits to prohibiting him from traveling to his church in Cumberland County except for one service per week. Although Lauer denies prohibiting Plaintiff from visiting several rental properties that he owns in Cumberland County, the cites to no contrary evidence. Defs. Answer to Pl. Statement of Material Facts ¶ 40. Nor could he as he admitted to this restriction. Lauer Dep. at 17 (Ex. "C"). Accordingly, there is no factual dispute that would prevent this Court from finding this restriction unconstitutional as applied to a person on bail.

Finally, Defendants do not dispute that Lauer told Plaintiff–while he was on bail–that he could not reunify with his family. Again, although Defendants deny that Lauer made these statements to Plaintiff, *see* Defs. Answer to Pl. Statement of Material Facts ¶ 21, Lauer admitted to them in his deposition. Lauer Dep. at p. 13 (Ex. "C"). *See also* Verified Answer ¶¶ 31, 33. Therefore, there is no factual dispute that would prevent this Court from granting summary judgment to Plaintiff.

As explained above, Defendants admit to severely restricting Plaintiff while he was on bail. Because they had no authority to do so, this Court should grant summary judgment to Plaintiff.

**B.     Defendant Lauer is not entitled to qualified immunity as a matter of law.**

It is clear under Pennsylvania law that Donald Lauer lacked authority to restrict Plaintiff who was not on parole, probation or intermediate punishment. His ignorance of the law is incompetence, not reasonableness. Any reasonably competent officer would have known of Plaintiff's rights. Contrary to the Magistrate Judge, the existence of a department policy condoning his actions is irrelevant. In addition, the Magistrate Judge, in granting summary judgment to Lauer, failed to view the facts in the light most favorable to Plaintiff.

While Plaintiff's sentence was stayed, Lauer threatened to arrest him if he didn't confess, if he attended more than one church service per week, if he maintained his rental properties, if he didn't disclose his confidential communications with counsel or if he reunified with his family. Taking the evidence in the light most favorable to Plaintiff, the restrictions were not based on any safety concern, but was meant

to punish him for his failure to confess. Sabol Dep. at 10 (Ex. "Q"). The Magistrate Judge pointed to the Parole Department "policy" that persons on parole continue to restrict persons on bail until the appeal is filed, but failed to explain how that policy was constitutional or how Lauer could have reasonably thought the policy constitutional. Furthermore, even if Lauer reasonably thought he had authority to restrict Plaintiff, that authority would not have been unfettered. Indeed, the Constitution restricts bail conditions and parole conditions. Also, ***viewing the facts in Plaintiff's light (which the Magistrate failed to do)***, Lauer continued to restrict Plaintiff after the notification of appeal in violation of the policy. Lauer told him on April 8, 2009 that he would still be subject to his parole conditions, including the restrictions on travel, church attendance and contact with his children. Verified Compl. ¶ 84.

Unfortunately, the Magistrate Judge failed to conduct any analysis about the constitutional legitimacy of Lauer's restrictions on Plaintiff's speech, travel, residency and church attendance. Taking the evidence in the light most favorable to Plaintiff, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), Lauer denied him permission to live with his family and denied him permission to attend more church services simply because he would not confess. Pl. Dep. at 105, 111 (Ex. "B"); Sabol

Dep. at 10-11 (Ex. "Q") (explaining policy to allow more church visits and family reunification if person is "cooperating"). Additionally, Lauer continually threatened to rearrest Plaintiff. Plaintiff explained, "Mr. Lauer said he'd put me back in prison as much as he could until I confessed." Pl. Dep. at 127-28 (Ex. "B").

Perhaps most important here is the fact that Lauer's "subjective beliefs . . . are irrelevant." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Just as an officer cannot rely on a blatantly invalid warrant, he cannot rely on a blatantly invalid policy. *See Groh v. Ramirez*, 540 U.S. 551, 563-65 (2004); *Malley v. Briggs*, 475 U.S. 335, 346 n. 9 (1986) ("The officer then cannot excuse his own default by pointing to the greater incompetence of the magistrate."). Therefore, Lauer is not entitled to qualified immunity.

Generally, "[i]f the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). As explained in Plaintiff's briefs in support of his motion and in opposition to Defendant's motion, there are clearly established rights to speech, silence, travel, assembly, religion, counsel and from retaliation. Any reasonably competent officer would have known of these rights.

## III. CONCLUSION:

For the reasons set forth above, it is respectfully requested that Defendants' Motion for Summary Judgment be denied.

                **BOYLE, NEBLETT & WENGER**

                /s/ *Joshua M. Autry*
                **Dennis E. Boyle, Esquire**
                Supreme Court I.D. No. 49618
                **Randall L. Wenger, Esquire**
                Supreme Court I.D. No. 86537
                **Joshua M. Autry, Esquire**
                Supreme Court I.D. No. 208459
                4660 Trindle Road, Suite 200
                Camp Hill, PA 17011
                Phone: (717) 737-2430
                Facsimile: (717) 737-2452
                deboyle@dennisboylelaw.com
                rlwenger@dennisboylelaw.com
                jmautry@dennisboylelaw.com

                Counsel For: Plaintiff

Dated: October 15, 2010

# CERTIFICATE OF SERVICE

    I hereby certify that on the date listed below I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email address(es):

    Michael W. Flannelly, Esquire
    mwflannelly@york-county.org


                                          /s/ *Penny A. Rogers*
                                          Penny A. Rogers, Paralegal


Dated:  October 15, 2010