IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY PHILLIP EVANS,** | CIVIL ACTION NO. 1:09-CV-1013 |
| Plaintiff | (Judge Conner) |
| v. | |
| **YORK COUNTY ADULT PROBATION AND PAROLE DEPARTMENT**, and **DONALD R. LAUER, JR.**, | |
| Defendant | |

## ORDER

AND NOW, this 17th day of October, 2011, upon consideration of the motion in limine (Doc. 45) filed by plaintiff Gary Phillip Evans ("Evans"), in which Evans moves to exclude from trial the substance of his 2006 convictions pursuant to Federal Rules of Evidence 402 and 609, asserting that the substance of his convictions is irrelevant to the claims he asserts in the present action and such evidence is highly prejudicial, and upon further consideration of the response (Doc. 47) by defendant Donald R. Lauer, Jr. ("Lauer"), wherein Lauer argues that placing the substance of the conviction before the jury is essential for Lauer to present a full and fair defense, and it appearing that Evans was convicted of the sexual assault of a minor and that on May 24, 2011 his sentence, *but not his conviction*, was

vacated the Pennsylvania Superior Court, (see Doc. 45, Ex. A),[1] and it further appearing that the instant litigation concerns the purported unlawful supervision of Evans by Lauer, a probation officer, subsequent to notification of Evans' appeal of the convictions, such supervision including preventing Evans from attending church or living with his family, and it further appearing that Lauer contends the restrictions were pursuant to court-mandated sex offender conditions and that it will be "impossible to explain to the jury why Lauer restricted Evans' access to his family" and church without referencing the sex offender conditions (see Doc. 47 at 2, 3), and court finding that relevant evidence is admissible, but "[e]vidence which is not relevant is not admissible" FED. R. EVID. 402, and the court concluding that the substance of the conviction, i.e. the crimes for which Evans was convicted (indecent assault, corruption of minors and unlawful contact with minors), is relevant to the restrictions placed upon Evans, and the court further finding that Lauer is not intending to use the substance of the conviction to impeach Evans and that the sex offender status is instead the basis for the restrictions placed upon

---

[1] Evans was convicted in state court of three counts of indecent assault, one count of corruption of minors, and one count of unlawful contact with minors pursuant to 18 PA. CONS. STAT. §§ 3126(a)(1), (7), (8), 6301, 6318. (Doc. 45, Ex. A at 3). The Pennsylvania Superior Court upheld Evans' conviction but remanded the matter for re-sentencing after concluding that the three convictions for indecent assault merged for sentencing purposes. (Id. Ex. A at 16-25).

Evans, therefore rendering Rule 609 irrelevant,[2] but the court recognizing that the probative value of the <u>specific details</u> of the crimes resulting in conviction, such as the age of the child and a description of the assault, is likely substantially outweighed by the danger of unfair prejudice, see FED. R. EVID. 403, it is hereby ORDERED that:

1. The motion in limine (Doc. 45) to exclude evidence of the substance of Evans' 2006 convictions (i.e. references to the names of the crimes of conviction: indecent assault, corruption of minors and unlawful contact with minors) is DENIED without prejudice to the rights of Evans to object to evidence that Evans believes is improperly offered at trial.

2. Counsel for the parties shall refrain from any mention of the specific details of the 2006 convictions in opening statements or thereafter, unless the matter is properly addressed at side bar and the court deems such evidence admissible at that time.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Rule 609 states:
   (a) General Rule. —For the purpose of attacking the character for truthfulness of a witness,
      (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; . . .

FED. R. EVID. 609.