IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY PHILLIP EVANS,** : | CIVIL ACTION NO. 1:09-CV-1013 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **YORK COUNTY ADULT PROBATION** : | |
| **AND PAROLE DEPARTMENT**, and : | |
| **DONALD R. LAUER, JR.,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 3rd day of November, 2011, upon consideration of the motion for reconsideration (Doc. 57) filed by defendant Donald Lauer, Jr. ("Lauer"), of the court's order dated October 17, 2011 (Doc. 50), denying plaintiff's motion in limine to exclude evidence of the substance of plaintiff's 2006 convictions, but ordering the parties to refrain from any mention of the specific details of the 2006 conviction "unless the matter is properly addressed at side bar and the court deems such evidence admissible at that time," (id. at 3), wherein Lauer asserts that it would be highly prejudicial to allow plaintiff to attack him for denying plaintiff the right to live with his family and attend church without providing the context for those conditions, and it appearing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that the court possesses inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins.

Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001), and the court noting that the court did not preclude Lauer from introducing specific details about the plaintiff's 2006 crimes, but merely ordered that counsel refrain from mention of the specific details until the court conducts a side bar to determine the admissibility of the evidence within the context of the trial proceedings, and the court concluding that motion for reconsideration merely seeks to relitigate a "point of disagreement between the Court and the litigant," Abu-Jamal, 2001 WL 1609761, at *9; see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002), it is hereby ORDERED that the motion for reconsideration (Doc. 57) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge